OPINION OF THE COURT
Robert L. Estes, J.
By separate petitions, the Commissioner of Social Services has applied for extensions pursuant to article 10 of the Family Court Act of each of the placements of the children pursuant to section 1055 of the Family Court Act which were effected by an order of fact finding and disposition dated March 25, 1985. The order of placement also directed the Commissioner to diligently pursue the goal of reuniting the children with their parents, and directed other relief. By order dated April 22, 1986, the placement and direction to pursue reunion of the children and parents was continued. By orders dated March 5, 1987, each of the placements was continued and the Commis *585 sioner was directed to undertake diligent efforts to encourage and strengthen the relationship of each child with the parents.
By instruments dated December 17, 1987 the parents committed guardianship and custody of each of the children to the petitioner. Orders approving each of the instruments were made by the court December 18, 1987. Each order directed the Commissioner to undertake diligent efforts to discharge the respective child to an adoptive home.
When the current petitions were filed, the court notified the petitioner by letter that the petitions would be held, because the court believed that the petitioner must not realize that section 1055 (b) (iii) of the Family Court Act mandates that notice of the hearing and a copy of the petition and any supporting affidavits or reports be served by the petitioner upon the parents, and provides that the parents shall be parties entitled to participate in the proceeding. The court expected that the petitioner would withdraw the petitions or discontinue the proceedings. Subjecting the children to a proceeding involving their parents after the court has directed the Commissioner to exercise diligent efforts to discharge them to adoption seems to the court a cruel and futile exercise.
That the Commissioner insists upon the court proceeding with the petitions is evident from the letter to the court from the Commissioner’s attorney dated January 29, 1988, in which he argues that the parents have no standing in the proceeding, and are not entitled to notice. The argument flies directly in the face of case law and of the plain and unambiguous language of the statute. (Family Ct Act § 1055 [b] [iii]; Matter of Frederick W., 120 Misc 2d 335, 338, 342.)
The petitioner is mandated by section 392 of the Social Services Law to petition for review periodically of the status of children in foster care who are free for adoption. Indeed, the status of such children is required to be reviewed much sooner than the status of children placed in care under article 10 of the Family Court Act, if the children have not been placed in an adoptive home. The Legislature surely did not intend to require that the court engage in the duplicative exercise of engaging in hearings to extend a placement under article 10 concerning children whose status, since such placement, is subject to strict court review and oversight by reason of the children being free for adoption. An order approving *586 instruments committing guardianship and custody of a child to a Commissioner of Social Services terminates a previous placement of the child in the care and custody of the Commissioner pursuant to article 10 of the Family Court Act.
Notwithstanding the Commissioner’s insistence, the court will not subject the children to a hearing which must, by law, involve their parents. The children have endured nearly three years of the uncertainties of foster care, and of failed efforts to reunite them with their natural parents. The opportunity for permanence which derives from their commitment will not be so disturbed. The petitions will be dismissed, sua sponte.